IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACK ZAUSA, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID SWEIS and SWEIS LAW FIRM, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR VIOLATION OF THE TRUTH IN LENDING ACT 15 U.S.C. § 1601 *et seq.*; VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/2B.2; BREACH OF CONTRACT; AND BREACH OF FIDUCIARY DUTY**

Jack and Terry Zausa are former homeowners who lost their family home and now face eviction. Although they were accused of missing mortgage payments, leading to a foreclosure, the missed payments arose solely because Mrs. Zausa wrote checks that were wrongfully dishonored by third party bank. At all times, Mrs. Zausa's bank account had sufficient funds to cover the checks she wrote. The Zausas hired defendants, a lawyer and his law firm, to save their home. Although foreclosure is reputed to be difficult to defend against, this case presented an easy defense: the home could be saved through reinstatement because the Zausas had sufficient money. A cause of action existed against the bank that wrongfully dishonored Mrs. Zausa's checks, leading to foreclosure. The Zausa home could be saved with one or two hours of work advising them about reinstatement and obtaining needed figures. However, they hired Defendants and were plunged into the quagmire of predatory, neglectful foreclosure "defense."

## INTRODUCTION

1. Defendant David Sweis (Defendant Sweis) is an attorney admitted to practice in the State of Illinois. Through various advertisements, he holds himself out to defend mortgage foreclosure actions on behalf of consumers like Mr. and Mrs. Zausa. Defendant Sweis Law Firm, P.C., (Defendant P.C.) is an Illinois corporation of which Defendant Sweis is the President and through which he conducts the aforementioned acts.

2. Mr. and Mrs. Zausa hired Defendants to defend their home, which they share with Jack's father and their minor children, from foreclosure. Mr. and Mrs. Zausa were accused of falling behind on mortgage payments, received paperwork indicating the property was subject to foreclosure, and hired Defendants. Defendant Sweis stated he and his law firm could help people stay in the home for years without making a mortgage payment. Since the sole reason for the alleged mortgage default was that Mr. and Mrs. Zausa's checks tendered to mortgagee were wrongfully dishonored by Mrs. Zausa's bank, Ford Motor Credit Company (Ford), the foreclosure was easily defensible. The Zausas needed a competent defense, assistance suing Ford for wrongful dishonor, and advice about reinstatement options. Because theirs was a luxury property in Burr Ridge valued at over $1 million, the mortgagee was eager to take it through foreclosure. A vigorous foreclosure defense was needed, and Mr. Sweis promised one.

## PARTIES, JURISDICTION AND VENUE

3. Mr. and Mrs. Zausa reside in the county of Cook, state of Illinois.

4. Defendant Sweis is licensed to practice law in the state of Illinois and Defendant PC is a corporation registered with the Illinois Secretary of State and doing business in Cicero, Illinois.

5. At all relevant times, Defendant Sweis held himself out to the public in general, and to Mr. and Mrs. Zausa in particular, as a duly licensed attorney with offices located at 900 Jorie Boulevard, #150, Oak Brook, Illinois 60523.

6. Mr. and Mrs. Zausa consulted with Defendants in Defendants' office with regard to a mortgage foreclosure proceeding related to the Zausa's property located at 8365 Fars Cove, Burr Ridge, Illinois 60521 and about a separate case related to collecting a 2010 judgment in

their favor against a debtor for $781,022.00. At that time, the Zausas were owed about $1,021,186.27 by their debtor.

7. At all relevant times, Defendant Sweis perpetrated his conduct below individually and/or by and through agents of Defendant PC, over whom Defendant Sweis exerted operational control concerning the facts at bar.

8. This matter involves Federal statutes, including the Truth in Lending Act. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 (Federal question).

9. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 because each Defendant is an individual or corporation subject to personal jurisdiction this district.

## SUBSTANTIVE ALLEGATIONS

10. Mr. and Mrs. Zausa consulted with Defendants, in Defendants' office, about a mortgage foreclosure proceeding related to Mr. Zausa's residential property located at 8365 Fars Cove, Burr Ridge, Illinois 60521. This was a transaction directly related to Mr. and Mrs. Zausa's residential home and was a consumer transaction.

11. Mr. and Mrs. Zausa also consulted with Defendants about collecting $1,021,186.27 accruing from a 2010 judgment in their favor against a debtor.

12. Following a full discussion of the facts and circumstances regarding defenses to foreclosure, Mr.and Mrs. Zausa were advised by Defendants that they had good and complete defenses to the mortgage foreclosure action and on the merits and a claim against Ford Motor Credit Company.

13. Following a full discussion of the facts and circumstances related to post-judgment collections, Defendants agreed to pursue the Zausas' debtor for $1,021,186.27.

14. Defendants were retained by Mr. and Mrs. Zausa, at which time Defendants requested and received Mr. Zausa's signature on a retainer agreement providing for representation set forth above. **Exhibit A**.

15. As a result of the aforementioned, an attorney-client relationship was created between Mr. Zausa and Defendants in which the Defendants were to represent Mr. and Mrs. Zausa, in a mortgage foreclosure action in DuPage County, Illinois. As a result of the aforementioned, Defendants owed Mr. and Mrs. Zausa fiduciary duties including, but not limited to, care, loyalty, and disclosure.

16. As a result of the aforementioned attorney-client relationship, Defendants had a duty to represent Mr. and Mrs. Zausa with the reasonable care, skill, and diligence as ordinarily possessed and exercised by other attorneys in the community.

17. In the foreclosure case, rather than filing a Motion to Vacate a previously-order judgment of foreclosure and sale, an interlocutory order in Illinois mortgage foreclosure law, Defendants filed an appearance and took no legally-effective steps to save Mr. and Mrs. Zausa's home.

18. Defendants filed a claim against Ford Motor Credit Company, but it was insufficient. For example, it did not include a count for violation of Illinois' version of the Uniform Commercial Code's provisions concerning wrongful dishonor.

19. Most tellingly about Defendants' lack of diligence and competence, Defendants' initially filed the claim against Ford Motor Credit Company on behalf of Mr. Zausa even though the account involved in the wrongful dishonor debacle belonged solely to his wife, Mrs. Zausa.

20. Defendants failed to appear in court multiple times; most importantly, Defendants did not attend court on the day of confirmation of sale, the final order in a foreclosure case. Mr.

Zausa begged for time to get a new lawyer, but was not granted one and was almost held in contempt because he was distraught at losing his home and not even having the lawyer he hired there to explain to process or to advocate on his behalf. Likewise, Defendants abruptly withdrew on the date the collection issue, which had been reopened on the motion of the debtor, was set for trial.

21. During the course of Defendants' representation of Mr. and Mrs. Zausa, they were ready, willing, and able to reinstate his mortgage. His wife partially redeemed her Ford Motor Credit Account. However, Defendants utterly failed to take any steps to help arrange for redemption.

22. When confronted by Mr. Zausa through the Attorney Registration and Disciplinary Complaint process, Defendant Sweis admitted that the did not forcefully represent Mr. Zausa because he did not "believe" Mr. Zausa. However, Mr. Sweis never notified Mr. Zausa he did not believe him, withdraw from the case, or advise Mr. and Mrs. Zausa to get another attorney—instead, callously watching the loss of the Zausa's home because of Mr. Sweis' "belief" or lack thereof.

23. As a direct and proximate cause of Defendants' failure to act on behalf of Mr. and Mrs. Zausa, a final judgment, an Order Confirming Sale and Possession, was entered, depriving Mr. and Mrs. Zausa of legal title to their home and causing them, along with their entire family, to face eviction. Likewise, their collection case was dismissed with prejudice.

24. At no time during the course of Defendants' representation of Mr. and Mrs. Zausa, did any of the Defendants inform him of the following alternatives to litigation or options within the litigation:

    a. Mediation;

    b. Principal Reduction/Modification;

    c. Debt Negotiation; or

    d. Sale of the Property/Short Sale.

25. Defendants' failure to inform Mr. and Mrs. Zausa of one or more of the foregoing alternatives to or within the litigation was an omission or failure to exercise reasonable care, skill and diligence as ordinarily possessed and exercised by other attorneys in the community for one or more of the following reasons:

    a. It resulted in an improper limitation of scope of services without advising client of alternatives pursuant to the Illinois Rule of Professional Conduct (IPRC) 1.2;

    b. It constituted failure to act as advisor and retain additional professionals as necessary to evaluate other options pursuant to IPRC 2.1(4);

    c. It constituted failure to offer advice regarding alternate courses of action pursuant to IPRC 2.1(5).

26. Defendants failure to do one or more of the following was a breach of Defendants' duty to exercise reasonable care, skill and diligence as attorneys:

    a. failure to act as advisor and retain additional professionals as necessary to evaluate Mr. and Mrs. Zausa's options, pursuant to Illinois Rule of Professional Conduct 2.1(4); and

    b. failure to offer advice regarding alternate courses of action pursuant to Illinois Rule of Professional Conduct 2.1(5).

27. Defendants never contacted the foreclosure plaintiff's law firm, Heavner, Scott, and Beyers, to inquire about a workout, loss mitigation, or loan modification.

28. None of the Defendants clearly explained to Mr. and Mrs. Zausa the meaning of the entry of the Order Confirming Sale and Possession, namely that they could be evicted from their residence in 30 days.

29. At all relevant times, Defendants charged a fee whether any service were rendered or what services were rendered.

30. As a direct and proximate result of the Defendants' breach of fiduciary duty, Mr. and Mrs. Zausa sustained and incurred monetary damages and loss as follows:

   a. loss of in equity in their home which could have been saved by competent litigation or by following one or more of the alternatives to litigation set forth above or by competent defense of the mortgage foreclosure lawsuit;

   b. attorney fees paid where no services were rendered;

   c. attorney fees paid in months where services were rendered but were incompetent; and

   d. attorney fees for services that were merely provision of publically-available information disseminated at no cost to the public.

   e. loss of $1,021,186.21 owed to them by their debtor.

31. The aforementioned monetary damages and loss would not have been sustained by Mr. and Mrs. Zausa but for the Defendants' negligence.

32. The damages sustained by Mr. and Mrs. Zausa were proximately caused by the Defendants' breach of duty as hereinbefore set forth in detail without any negligence contributing thereto on the part of Mr. and Mrs. Zausa.

33. Solely by reason of the foregoing negligence of the Defendants, Mr. Zausa has been damaged in an amount to be determined at trial, plus the costs and fees of this suit.

## CAUSES OF ACTION

34. Mr. and Mrs. Zausa bring each of the following causes of action individually and in the alternative as required by applicable facts or law.

### CAUSE OF ACTION I – VIOLATION OF THE TRUTH IN LENDING ACT, 15 U.S.C. 1638 *et seq.* BY ALL DEFENDANTS

35. Mr. and Mrs. Zausa incorporate each and every preceding paragraph stated above, inclusively, as though the same were fully set forth herein.

36. Mr. and Mrs. Zausa's contract to pay Defendants was an open-ended consumer contract that, potentially, could be paid with monthly payments of over four installments.

**Exhibit A**.

37. Because payments to Defendants were capable of being subject to more than four installments, the transaction was subject to TILA. 15 U.S.C. § 1638(a)(3) and (4), and FRB Reg. Z, § 226.18(d) and (e).

38. No TILA disclosure was provided to Mr.and Zausa.

39. Mr. Zausa is entitled to statutory damages, actual damages, attorney fees, and court costs. 15 U.S.C. § 1640(a).

WHEREFORE, Plaintiffs Jack Zausa and Terry Zausa pray they be awarded a judgment against Defendants, David Sweis and Sweis Law Firm, P.C., jointly and severally:

a. Actual damages;

b. Statutory damages;

c. Attorney fees and costs, and

d. Any other relief just and proper in the premises.

## CAUSE OF ACTION II: ATTORNEY MALPRACTICE

40. Mr. and Mrs. Zausa restate and reallege preceding paragraphs one through 34 as if set forth in full herein.

41. Mr. and Mrs. Zausa are and were at all times relevant adults under no legal disability.

42. Defendants at all relevant times owed Mr. and Mrs. Zausa a duty of care arising from their attorney-client relationship.

43. Defendants breached that duty as set forth more fully above.

44. Mr. and Mrs. Zausa suffered actual damages in the form of loss of all equity in his home, attorney fees expended for no meaningful representation, court costs incurred without meaningful participation in the case, mental anguish, and expenditure of costs and fees for bringing this lawsuit.

45. Mr. and Mrs. Zausa's damages were directly and proximately caused by Defendants' breach.

46. Defendants' actions are capable of repetition and properly enjoined by an injunction.

WHEREFORE, Plaintiffs Jack Zausa and Terri Kamin Zausa demand judgment against the Defendants, David Sweis and Sweis Law Firm, P.C., for:

    a. Actual damages in a sum to be determined at trial, at least $3,000,000.00 ;

    b. Return of all fees paid to Defendant;

    c. The costs of the underlying mortgage foreclosure action born by Plaintiffs;

    d. The cost of the suit and attorneys fees incurred herein;

    e. Pain and suffering;

  f. Injunctive relief enjoining Defendants from holding themselves out to offer services in "mortgage foreclosure defense;" and

  g. For such other and further relief as this court may deem just and proper.

## CAUSE OF ACTION III: BREACH OF CONTRACT

  47. Mr. and Mrs. Zausa restates and reallegse preceding paragraphs one through 34 and 40 through 46 as if set forth in full herein.

  48. Mr. and Mrs. Zausa fully performed under the contract with Defendants, including payment of fees.

  49. Mr. and Mrs. Zausa demanded performance by Defendants, including through making visits to Defendants' office.

  50. Defendants failed to fulfill the retainer agreement by failing to meaningfully represent Mr. and Mrs. Zausa in Court and by failing to contact the attorneys for the lender foreclosing on Mr. Zausa's home to negotiate a loan modification or other settlement, and by withdrawing on the day a matter was set for trial.

  51. This failure was a breach of the contract.

  52. As a proximate result of one or more of the aforementioned acts or omissions, Mr. and Mrs. Zausa suffered certain losses including fee paid to Defendants and attorney's fees to recover that money as well as all of the equity in his home. He is now subject to an eviction.

  WHEREFORE, Plaintiffs, Jack Zausa and Terri Kamin Zausa, demand judgment against the Defendants, David Sweis and Sweis Law Firm, P.C., for:

  a. Actual damages in a sum to be determined at trial;

  b. Return of all fees paid to Defendant;

  c. The costs of the underlying mortgage foreclosure action born by Plaintiffs;

      d.      The cost of the suit incurred herein;

      e.      Injunctive relief enjoining Defendants from holding themselves out to offer services in "mortgage foreclosure defense;" and

      f.      For such other and further relief as this court may deem just and proper.

**JURY DEMAND**

Plaintiffs demand trial by jury of all matters so triable.

Respectfully submitted,

Jack Zausa and Terri Kamin Zausa

/s/Kelli Dudley
By: _____
Kelli Dudley, Attorney for Plaintiffs Jack Zausa and Terri Kamin Zausa

Kelli Dudley, The Law Office of Kelli Dudley
1658 Milwaukee, #100-8377
Chicago, IL 60647
Ph: 312-771-9770
Email: attorneykelli@sbcglobal.net
ID 6279068